Battle, J.-
 

 The only act charged against the defendant by the plaintiff, in his complaint to the Justice, was that of a forcible entry, and nothing more than a forcible entry is . set forth in the precept of the said Justice to the Sheriff, commanding him to summon a jury to inquire thereof. The-record of the proceedings made by the Justice, before whom the cause was tried, states that the defendant traversed the' “force alleged.” The only issue for trial, therefore, so far as the force was concerned, was what was affirmed on one side and denied on the other, to wit, the
 
 forcible entry.
 
 The only testimony set out in the record, upon which the verdict as to the force could have been found, proved (if it proved anything) that the defendant was not guilty of any forcible entry, but only of a
 
 forcible detainer
 
 after a peaceable entry.Yet the verdict finds both. Upon the clearest principles of law that verdict was wrong, and the Justice ought not to have issued any writ of restitution upon it. For this error alone, which was apparent upon the record, the proceedings ought to have been, upon the motion of the defendant, quashed in- the Superior Court, as he- could not appeal, and had- no- other mode of taking advantage of it. Sherrill v. Nations, 1 Ired. Rep. 325.
 

 Without noticing all the errors assigned, we will advert to one which is also fatal to the proceeding had before the Justice. The plaintiff himself showed that he had neither the possession nor the title to the lot in controversy. He claimed under Dickinson, whose testimony (if it were admissible
 
 *122
 
 against defendant, which it certainly was not,) showed that he had no deed from the Sheriff, and there was nothing from, which a deed coaid be presumed. But if he had had a deed, he failed to show that there were any taxes due when the land was sold by the Sheriff, which was certainly necessary, as has often been decided in this Court. Avery v. Rose, 4 Dev. 459 — Love v. Gates, 4 Dev. and Bat. 363 — Pentland v. Stewart, Ibid 380 — Garret v. White, 3 Ired. Eq. Rep. 181.
 

 The judgment of the Superior Court must be reversed, which must be certified to that Court, so that the proceedings before the Justice may be quashed,and a writ of restitution be issued to the Sheriff, commanding him to put the defendant into possession of the lot from which he was ejected under the precept of such Justice. The King v. Jones, 1 Strange Rep. 574 — The King v. Wilson, 3 Adol. and El. Rep. 817, (3 Eng. C. L. Rep. 229) — 2 Chit. Gen. Prac. 241.
 

 Judgment reversed.